## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 *Plaintiff*, v. ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, N.W. Washington, DC 20460 *Defendant.* | CIVIL ACTION NO. 21-2279 **COMPLAINT** |

### PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Environmental Protection Agency ("EPA") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to specified categories of explanatory and background materials regarding the Hunters Point Naval Shipyard (HPNS) Superfund site.

2. PEER submitted two FOIA requests in May 2021 seeking documents related to specified categories of explanatory and background materials. This complaint seeks to end continued non-compliance by EPA with FOIA.

3. To date, Defendant has failed to make a determination on Plaintiff's FOIA requests or to disclose to the Plaintiff all of the requested documents within the time stipulated under FOIA or provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

10. Defendant EPA is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a determination on Plaintiff's FOIA request within 20 working days of May 3, 2021 and May 10, 2021, is a violation of FOIA.

## STATEMENT OF FACTS

*First Request: Parcel 5 Reference Background Areas*

12. On May 3, 2021, PEER submitted a FOIA request to EPA seeking eleven categories of records related to explanatory and background materials for three documents. EPA assigned that FOIA request tracking number EPA-2021-004100.

13. EPA changed the tracking number to EPA-R9-2021-004100 after EPA assigned the FOIA request to EPA Region 9.

14. On May 17, 2021, EPA fully granted PEER's fee waiver request.

15. On May 21, 2020, On May 21, 2021, EPA requested an additional 8 weeks of time before the EPA could produce any records. EPA informed PEER that an extension was necessary due to "the scope of the request and the unusual circumstances involved." EPA did not explain what the unusual circumstances were, rather EPA merely stated that the extension was necessary due to "another agency having a substantial interest in the determination." EPA added that it anticipated delivering responsive documents by August 24, 2021.

16. On June 7, 2021, EPA provided PEER with a list of questions for all six categories which PEER subsequently responded to.

17. On June 10, 2021, EPA informed PEER of the agenda for a schedule conference call on June 11, 2021. This agenda included: (1) Navy consultation and referral procedures for items 1 through 9; (2) Relevance of EPA comments on Navy work plans, reports, and other documents

related to testing in response to item 10; and (3) Custodians and time frame of email search for item 11.

18. On June 11, 2021, EPA and PEER participated in a conference call where EPA stated there were no further questions and orally provided a production date of August 24, 2021.

19. On June 15, 2021, EPA confirmed the clarifications previously discussed. EPA again provided a production date of August 24, 2021.

20. On August 16, 2021, EPA requested an additional extension of 8 weeks to process PEER's FOIA request "due to the scope of [PEER's] request and the unusual circumstances involved." EPA did not explain what the unusual circumstances were. EPA added that it did not anticipate delivering any responsive documents prior to  December 3, 2021.

21. PEER has yet to receive any responsive records or a final determination on FOIA Request EPA-R9-2021-004100.

*Second Request: Building Standards*

22. On May 10, 2021, PEER submitted a FOIA request to EPA seeking records relating to EPA's review of the protectiveness of the Navy's remediation goals for buildings and other structures as referenced in a letter written by Mr. Wayne Praskins of the EPA entitled "EPA review of Navy Draft Evaluation of Radiological Remediation Goals for Onsite Buildings-Hunters Point Naval Shipyard Superfund Site."

23. EPA assigned PEER's FOIA request the tracking number EPA-2021-004219 in a confirmation letter it delivered to PEER on May 10, 2021.

24. EPA changed the tracking number to EPA-R9-2021-004219 after EPA assigned the FOIA request to EPA Region 9.

25. On May 20, 2021, EPA fully granted PEER's fee waiver request.

26. On May 21, 2021, EPA requested an additional 8 weeks of time before the EPA could produce any records. EPA informed PEER that an extension was necessary due to "the scope of the request and the unusual circumstances involved." EPA did not explain what the unusual circumstances were, rather EPA merely stated that the extension was necessary due to "another agency having a substantial interest in the determination." EPA added that it anticipated delivering responsive documents by August 24, 2021.

27. On May 27, 2021, EPA wrote to PEER and stated PEER's FOIA request was "too broad to be completed within 20 days." As a result, EPA requested a meeting with PEER to discuss EPA's clarification questions.

28. On May 28, 2021, PEER wrote to EPA and noted that EPA's letters dated May 21, 2021 and May 27, 2021 do not identity the "unusual circumstances" nor do they state any specific issues EPA wishes to discuss. PEER agreed to meet with EPA to discuss EPA's clarification questions.

29. On June 7, 2021, EPA provided PEER with a list of questions for all six categories which PEER subsequently responded to.

30. On June 10, 2021, EPA informed PEER of the agenda for a schedule conference call on June 11, 2021. The agenda included: (1) Background on search procedures; (2) Follow up related to an email exchange regarding clarification questions.

31. On June 11, 2021, EPA and PEER participated in a conference call where EPA stated there were no further questions and orally provided a production date of August 24, 2021.

32. On June 15, 2021, EPA confirmed the clarifications previously discussed. EPA again provided a production date of August 24, 2021.

33. On August 16, 2021, EPA requested an additional extension of 8 weeks to process PEER's FOIA request "due to the scope of [PEER's] request and the unusual circumstances involved." EPA did not explain what the unusual circumstances were. EPA added that it did not anticipate delivering responsive documents prior to December 3, 2021.

34. PEER has yet to receive any responsive records or a final determination on FOIA Request EPA-R9-2021-004219.

## <u>CAUSE OF ACTION</u>

35. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

36. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

37. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

38. Twenty working days from May 3, 2021, (the date PEER submitted its first FOIA request) was May 31, 2020, while twenty working days from May 10, 2021, (the date PEER submitted its second FOIA request) was June 7, 2021.

39. As of the date of this filing, Plaintiff has not received a final determination on either its two FOIA requests.

40. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its May 3 and May 10 FOIA requests, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

41. Defendant's conduct amounts to a denial of Plaintiff's FOIA requests. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the EPA actions and policies concerning Hunter's Point.

42. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

43. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

   i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

   ii.   Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

   iii.   Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv.   Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.


Respectfully submitted on August 27, 2021,

s/ Paula Dinerstein _____
Paula Dinerstein, DC Bar #333971

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)

Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
Attorneys for Plaintiff